OPINION
This is an appeal from a conviction by a jury of possession of one count of cocaine in excess of one gram but less than five grams in violation of R.C. § 2925.11(A).
 STATEMENT OF THE FACTS AND CASE
Appellant was observed by Officer James Hilles traveling at approximately 50 to 60 miles per hour in a 25 mile per hour zone in Alliance, Ohio. Appellant committed several traffic violations while being pursued. (T. at 162-163).
On appellant's pulling to a stop, the officer observed him strike a parked vehicle. (T. at 163).
On appellant's exiting the vehicle, Officer Hilles observed a strong odor of alcohol, slurred speech and poor balance. Appellant was administered field sobriety tests and was thereafter arrested. (T. at 164).
At the police station, Officer Hilles conducted a search of appellant and found crack cocaine in his possession.
Officer Minich conducted a second search of appellant and testified as to an additional piece of crack cocaine being found in his possession.
The Assignments of Error raised by appellant are:
I.
 THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE.
 II.
 THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 I.
In appellant's first assignment of error, he maintains the trial court erred in overruling his motion for acquittal. We disagree.
A Crim. R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. See, State v. Williams (1996),74 Ohio St.3d 569, 576; State v. Miley (1996), 114 Ohio App.3d 738,742. Crim. R. 29(A) allows a trial court to enter a judgment of acquittal when the state's evidence is insufficient to sustain a conviction. The trial court may not grant a defendant's Crim. R. 29(A) motion, however, "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. In making this determination, the trial court must construe the evidence in a light most favorable to the prosecution. Id. at 263. An appellate court undertakes de novo review of the trial court's decision on a Crim. R. 29(A) motion and will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all the elements of the crime beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus; see, also, Miley,supra, at 742. If any rational trier of fact could have found the essential elements of an offense proven beyond a reasonable doubt, the appellate court will not disturb a conviction. Williams, supra at 576;Jenks, supra at 273.
Appellant was charged with the crime of possession of cocaine.
We find no error in the trial court's decision to deny appellant's Crim. R. 29 motion. The testimony of the police officers was sufficient to withstand appellant's motion for acquittal. Accordingly, appellant's first assignment of error is overruled.
 II.
The Second Assignment of Error asserts ineffective assistance of counsel.
A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed. 2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
In support of this Assignment of Error appellant questions the testimony of Officer Minich and his recollection. The prosecutor on page 144 of the transcript had informed the trial court and defense counsel of such Officer's recollections.
During direct examination, Officer Minich's memory was refreshed.
The jury had the opportunity to judge such officer's credibility, if any.
Extensive cross examination occurred as to the officer's recollections.
We do not find that ineffective assistance of counsel occurred and therefore do not need to review the second prong as to prejudicial effect.
The Second Assignment of Error is not well taken.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio is affirmed.
Costs to Appellant.
Hon. William B. Hoffman, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.